E-FILED
Wednesday, 27 April, 2016  03:14:51 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICIA PORTILLO, as Special Administrator of the Estate of AMALIA A. RODGERS, Deceased, </br></br>Plaintiff,</br></br>v.</br></br>UNITED STATES OF AMERICA,</br></br>Defendant. | Case No. 16-4029 |

# ORDER AND OPINION

This matter is now before the Court on Defendant United States of America's Motion [4] to Dismiss. For the reasons set forth below, Defendant's Motion is Granted.

## Background

On November 19, 2015, Plaintiff Patricia Portillo filed a complaint in the Circuit Court of the Fourteenth Judicial Circuit in Rock Island County, Illinois (Case No. 15-L-140). The complaint alleged that Larissa Biscoe, PA-C, and Community Health Care, Inc., committed medical malpractice causing the wrongful death of Amalia A. Rodgers, and the complaint further alleged two survival actions by Portillo as the Special Administrator of the Estate of Amalia A. Rodgers.

On February 8, 2016, James A. Lewis, United States Attorney for the Central District of Illinois, signed a Certification of Scope of Employment verifying that at all times relevant to the Complaint filed in this case, Biscoe was acting within the scope of her employment with Community Health Care, a private entity receiving grant money from the Public Health Service. On February 10, 2016, the United States filed a Notice of Removal with this Court pursuant to

1

Title 28 United States Code Section 2679, and Title 42 United States Code Section 233(c). On February 17, 2016, the United States and Defendants filed a motion to dismiss Biscoe and Community Health Care as Defendants and to substitute the United States as the sole Defendant in this action. This Court granted that motion on March 17, 2016.

On March 24, 2016, the United States filed a motion to dismiss on the grounds that Plaintiff failed to first present her claim to the appropriate Federal agency before bringing this action, as required by the Federal Tort Claims Act. 28 U.S.C. § 2675. Plaintiff did not respond to the motion to dismiss.

**Analysis**

Title 42 U.S.C. § 233(c) of the Public Health Service Act ("PHSA"), as amended by the Federally Supported Health Centers Assistance Act of 1995 ("FSHCAA"), provides that upon certification by the Attorney General that the defendant was acting in the scope of her employment at the time of the incident out of which the suit arose, the civil action commenced in a state court may be removed by the Attorney General to the district court of the United States and the proceeding shall be deemed a tort action brought against the United States under the provisions of the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 2671 *et. seq*. The FTCA provides that district courts shall have exclusive jurisdiction over civil actions against the United States for money damages arising from the injury or loss of property caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of employment. 28 U.S.C. § 1346(b)(1). The FTCA further provides that in such cases, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified registered mail[]" before an action may be brought. 28 U.S.C. § 2675(a).

Here, Plaintiff brings a civil action against the United States for money damages arising from an injury caused by the negligent or wrongful act or omission of employees of the government acting within the scope of their employment; thus, the FTCA applies. The United States submitted an affidavit in support of the motion stating that no administrative tort claim has been filed by Plaintiff personally or as the representative of the deceased. When a litigant fails to respond to alleged deficiencies in a motion to dismiss, that party "effectively abandons the litigation" and waives her claims. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). Accordingly, Defendant's motion to dismiss for failure to exhaust is granted.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is Granted. Plaintiff's Complaint is Dismissed without prejudice.

This matter is now terminated.

Signed on this 27th day of April, 2016.

James E. Shadid
James E. Shadid
Chief United States District Judge
